IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL P.B.,<br><br>Petitioner,<br><br>vs.<br><br>TANYA ANDREWS, Warden, Golden State Annex, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03733-MWJS<br><br>ORDER DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 240-173-801 |

**ORDER DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Miguel Angel P.B.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 9. Petitioner was brought to the United States in 1998 when he was two years old and has resided in the country ever since. *Id.* at pg. 2. He is now thirty years old, and is himself the father and sole caregiver to an eight-year-old daughter. *Id.* And until his current detention, Petitioner had never had any interactions with immigration authorities. Dkt. No. 11-1, at pg. 3.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner had, however, several run-ins with the criminal justice system in the past. In 2015, when Petitioner was nineteen years old, he was convicted of annoying or molesting a child under the age of 18 in violation of Cal. Penal Code § 647.6(A), based on his "receipt of a lewd photograph from a minor." Dkt. No. 9, at pg. 6; Dkt. No. 11, at pg. 2. In connection with this offense, Petitioner was required to register as a sex offender. *Id.* And in 2017, Petitioner was convicted of two offenses: driving under the influence in violation of Cal. Veh. Code § 23152(A), and assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1), with an enhancement for "Street Terrorism" pursuant to Cal. Penal Code § 186.22(b)(1)(B). Dkt. No. 11, at pg. 2. In February 2026, Immigration and Customs Enforcement (ICE) became aware of Petitioner through a sex offender registry and sought to detain him. He was subsequently arrested at his home on February 26, 2026, and has remained in immigration detention ever since—a period spanning 134 days, as of today. *See* Dkt. No. 9, at pg. 7.

Petitioner now invokes this courts habeas jurisdiction, contending that his current detention violates his rights under the Due Process Clause of the Fifth Amendment. Dkt. No. 9, at pgs. 8-11, 12. In a First Amended Petition for Writ of Habeas Corpus, Dkt. No. 9, he accepts that he is mandatorily detained under 8 U.S.C. § 1226(c) but argues that his detention "is virtually certain to continue for many additional months," perhaps up to "twenty-four months or more," and therefore to become "the prolonged confinement that due process forbids." *Id.* at pg. 9. And he

contends that a court evaluating "whether detention has become prolonged [must] look beyond the time already elapsed to the expected future duration of detention and the procedural posture of the removal case." *Id.* at pgs. 9-10 (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 859 (D. Minn. 2019); *Sajous v. Decker*, No. 18-CV-2447, 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)). He argues in the alternative that to the extent Respondents claim that he is detained pursuant to 8 U.S.C. § 1225(b), that detention is contrary to the Immigration and Nationality Act (INA) and is only permissible under § 1226(a), pursuant to which he is entitled to a bond hearing.

Petitioner emphasizes that his petition "does not ask this Court to release him outright, nor to decide whether he is in fact a danger or flight risk," Dkt. No. 9, at pg. 3, or to determine whether "he is misclassified" as a § 1226(c) detainee, Dkt. No. 12, at pg. 1. Instead, he clarifies that his petition presents only a "single question": whether the Due Process Clause "permits the Government to hold [him] for a period that is virtually certain to extend 12 to 24 months or more, as he litigates substantial protection claims, without ever affording him one hearing before a neutral decisionmaker at which the Government must justify that confinement." *Id.*

As Petitioner recognizes, the Supreme Court upheld § 1226(c) as facially constitutional in *Demore v. Kim*, 538 U.S. 510 (2003). But it left open the possibility that a noncitizen might bring individualized constitutional challenges to prolonged detention

under that statute. *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[2]

Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c). *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025). Under any standard, however, the record at this stage does not support Petitioner's due process claim.

Petitioner has been in custody for just over five months. He offers no evidence that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear it will cause delay in the future. *Cf. Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-08 (9th Cir. 2022) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063-65 & n.9 (9th Cir. 2013), for the proposition that detention is not "unconstitutionally

---

[2] The Court in *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018), likewise declined to rule on the question of whether 8 U.S.C. § 1226(c)'s mandatory detention provisions might, in individualized circumstances, become unconstitutional as applied.

indefinite" when "prolonged by a challenge" to removal proceedings, "and distinguishing a case in which the government made an 'unusual move' that delayed resolution"). He does not suggest that the government ever released him after detaining him on February 26, 2026, or that the government otherwise has ever found that he is not a flight risk or a danger to the community. And although he suggests that the court must "weigh the likely future length of confinement, including the time required for a merits hearing and any administrative and judicial appeals," the court cannot grant relief based upon the possibility (or even likelihood) that Petitioner's detention may become unconstitutionally prolonged at some point in the future. *See Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (a court may not "grant[] habeas relief on the basis of little more than speculation"); *but see Lopez v. Garland*, 631 F. Supp. 3d 870, 877-78 (E.D. Cal. 2022) (adopting the pre-*Jennings* approach of the First, Third, Sixth, and Eleventh Circuits in considering the "likely duration of future detention" among other factors to assess prolonged detention under § 1226(c)).

On this record, regardless of precisely what legal standards the court adopts, Petitioner's constitutional claim cannot prevail at this time. *Accord Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.SC. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367, 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922, 2026 WL

101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process). And because this conclusion is sufficient to resolve the petition, the court will not address the parties' alternative arguments about whether Petitioner is detained pursuant to § 1225(b) or § 1226(a).

The petition, Dkt. No. 1, is therefore DENIED without prejudice. Given the foregoing, Respondents' request to dismiss the petition, Dkt. No. 11, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED: July 13, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge